UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:84-CV-92 (CEJ) |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motions to enforce settlement agreement and for default judgment.

**I.   Background**

Plaintiff Michael Murphy is presently incarcerated at the Jefferson City Correctional Center. At the time of the events giving rise to the underlying dispute, plaintiff, a member of the Aryan Nations Church of Jesus Christ Christian, was incarcerated at the Missouri Training Center for Men (MTCM).[1] On May 21, 1984, he was issued a conduct violation report (CVR) for conspiracy to commit riot for "actively engaging in recruitment of other inmates into a racial group which advocates supremacy of the white race only, and is of a violent nature." According to the CVR, plaintiff was "a member of several organizations which advocate the overthrow of all races except the white race." The CVR also stated that plaintiff participated in "several meetings of three or more persons who are also known members or supporters of the idealism of white supremacy." These actions created

---

[1] MTCM was a medium security institution.

"a grave risk or alarm . . . contrary to the good order and security of the institution." CVR [Doc. #6-2 at 2-3]. The Board of Adjustment found plaintiff guilty of the violation and recommended that he be transferred to the Missouri State Penitentiary, a maximum security facility. The superintendent approved the transfer. See Adjustment Board report [Doc. #6-2 at 6].

Plaintiff filed this 42 U.S.C. § 1983 action[2] alleging, *inter alia*, that he was transferred in retaliation for his religious beliefs. The district court dismissed plaintiff's complaint as legally frivolous under 28 U.S.C. § 1915(d). The Eighth Circuit Court of Appeals reversed and remanded. Murphy v. Missouri Dep't of Correction, 769 F.2d 502, 503 (8th Cir. 1985) ("Murphy may be able to prove that his transfer was motivated by the prison officials' desire to punish him for protected activity.") After remand, the parties entered into a settlement agreement in which plaintiff agreed to dismiss his claims with prejudice and to refrain from requesting a return to MTCM, and the defendants agreed to expunge the May 21, 1984, CVR from "any and all files and records maintained by any of said defendants, including but not limited to plaintiff's institutional file and parole records."[3] Id. at § III. On May 24, 1986, the Court signed the parties' settlement agreement and dismissed the case. See Order, Pl. Ex. 2 [Doc. #30-2]; docket sheet, Pl. Ex. 5 [Doc. #30-5].

On July 1, 2015, plaintiff filed a *pro se* motion for order to show cause why defendant Missouri Department of Corrections should not be held in contempt for

---

[2] In 1984, the defendants were the Director of the Missouri Department of Corrections and Human Resources, the Director of the Division of Adult Institutions, the Warden and Casework Supervisor at the Missouri State Penitentiary, the Superintendent of the Missouri Training Center for Men MTCM), and various correctional officers and caseworkers at MTCM. See Order at § II(B) [Doc. #6-1]. For the purposes of the present motions, the sole defendant is the Department of Corrections.

[3] Defendants also agreed to restore an individual to plaintiff's visitor list.

failing to comply with the terms of the settlement agreement. Plaintiff asserts that the CVR was not expunged from his record and that the Parole Board considered the CVR in denying him parole in 2000, 2005, 2010, and 2013.[4]

On November 4, 2015, defendant filed a response to plaintiff's motion, acknowledging that the CVR is still in plaintiff's record. In an affidavid, assistant warden Billy Dunbar states that he started "the expungement process" on October 28, 2015. Def. Ex. A [Doc. #18-1]. Defendant has presented no explanation for why the CVR was not expunged earlier, what the expungement process entails, or how long the process is expected to take. Concerned by the lack of detail in defendant's response, the Court appointed counsel to represent plaintiff.

On January 4, 2016, appointed counsel filed an amended motion to enforce the settlement agreement and for additional declaratory relief. Plaintiff asks the Court to order the Parole Board to conduct a parole hearing within 30 days and to instruct the board that it may not consider plaintiff's religious affiliations or beliefs or expunged records.[5] On January 19, 2015, the defendant requested an extension of time to respond to plaintiff's motion in order to "determin[e] the feasibility of providing an expedited parole hearing, including ascertaining dates for a potential expedited parole hearing." Defendant was granted an extension until February 2, 2016, but failed to file its response by that date.

On February 4, 2016, plaintiff moved for default judgment. In a response filed on February 8, 2016, the defendant states that the Missouri Division of Adult

---

[4] Plaintiff filed a motion to vacate the settlement in 1987. The court construed the motion as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) and denied it as untimely. Pl. Exs. 3 and 4 [Docs. #30-3 and #30-4].
[5] Plaintiff states that he was asked about his membership in the Aryan Nation at parole hearings in 2013. Affidavit at ¶5 [Doc. #6-3].

Institutions has recommended that plaintiff receive an expedited parole hearing. However, defendant "cannot state when or how the Parole Board will act upon that recommendation." In the event the Court grants plaintiff's motion, defendant asks for an additional 60 days to conduct a parole hearing. Defendant does not state whether the CVR has been expunged.

## II. Discussion

The parties' settlement agreement was adopted by the Court as the final order of the case, thereby incorporating the settlement terms in the dismissal order. The Court thus has ancillary jurisdiction to rule on plaintiff's motion to enforce. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) (district court has post-dismissal ancillary jurisdiction to enforce settlement agreement only if parties' obligation to comply with terms of agreement has been made part of dismissal order either by separate provision or by incorporating terms of agreement in order).

The defendant does not dispute that it is in breach of the settlement agreement. Therefore, the Court will direct defendant to immediately expunge the CVR "from any and all files and records" maintained by the Department of Corrections, "including but not limited to plaintiff's institutional file and parole records." See Order at § III(1). Defendant also does not dispute that the Parole Board considered the improper CVR in deciding whether or not plaintiff should be released on parole, or that plaintiff is entitled to a parole hearing at which the expunged CVR is not considered. See Lowrance v. Coughlin, 862 F. Supp. 1090, 1120 (S.D.N.Y. 1994) (plaintiff entitled to a new parole hearing based on accurate information). Although plaintiff request that a hearing be held within 30 days, the

Court will allow defendant 60 days in order to ensure that the CVR has been expunged from all records, including those maintained by the Parole Board.

The Parole Board may not consider the expunged CVR in determining plaintiff's eligibility for parole. However, plaintiff's request that the Court instruct the Parole Board not to consider his religious affiliations or beliefs exceeds the scope of the settlement agreement. As the Parole Board undoubtedly knows, constitutional principles impose constraints on the factors it can consider. See Granguillhome v. Utah Bd. of Pardons & Parole, No. 204-CV-260 TC, 2006 WL 3672901, at *2 (D. Utah Dec. 8, 2006) (government entity "may not compel affirmation of religious belief, punish the expression of religious doctrines it believes to be false, impose special disabilities on the basis of religious views or religious status, or lend its power to one or the other side in controversies over religious authority or dogma.") (quoting Employment Div., Dept. of Human Resources of Ore. v. Smith, 494 U.S. 872, 877 (1990) (internal citations omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to enforce settlement agreement and for additional declaratory relief [Doc. #29] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #33] is **denied as moot**.

**IT IS FURTHER ORDERED** that, not later than 14 days from the date of this order, the Missouri Department of Corrections shall expunge the conduct violation report issued to plaintiff on May 21, 1984, from any and all files maintained by the Department of Corrections, including but not limited to plaintiff's institutional file

and parole records. The Department of Corrections shall immediately thereafter file a verified statement that the CVR was expunged, describing the process by which it was expunged, and listing all of the records that were examined and from which the CVR was expunged.

**IT IS FURTHER ORDERED** that the Department of Corrections shall immediately instruct the Parole Board that the expunged CVR may not be considered at any parole hearing scheduled for plaintiff and shall provide a copy of this order to the chair and members of the Parole Board.

**IT IS FURTHER ORDERED** that, not later than 60 days from the date of this order, the Parole Board shall hold a parole hearing for plaintiff. Within 14 days of the date of the hearing, the Department of Corrections shall file a statement certifying that the parole hearing was held.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2016.